1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

| 11  Ricardo Martin, individually and on behalf of all others similarly situated; and Guadalupe Ramirez, individually and on behalf of all others similarly situated, | CASE NO.: |
|---|---|
| | [Riverside County Superior Court Case No.: RIC 1904522] |
| 14          Plaintiffs, | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(d), 1441 AND 1446** |
| 15     vs. | |
| 16  Wells Fargo Bank, National Association; and Does 1 through 25, | Complaint Filed:  August 30, 2019 |
| 18          Defendants. | |

19
20
21
22
23
24
25
26
27
28

449214

# **TABLE OF CONTENTS**

PAGE NO.

I.    THE STATE COURT ACTION ..................................................... 5

II.   REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441, AND 1446 ......................................................................... 6

    A.    Diversity of Citizenship ......................................................... 6

        1.    Plaintiffs are Citizens of California ............................ 6

        2.    Wells Fargo Bank is a Citizen of South Dakota ....................... 7

    B.    The Putative Class Action Exceeds 100 Members.............................. 8

    C.    The Amount in Controversy Exceeds $5,000,000 .............................. 9

III.   PROCESS, PLEADINGS AND ORDERS ................................................. 11

449214

1

# TABLE OF AUTHORITIES

**PAGE NO.**

2

## FEDERAL CASES

3

*Abrego Abrego v. The Dow Chemical Co.,*
   443 F.3d 676 (9th Cir. 2006) ........................................................ 6

4

5

*Bush v. Cheaptickets, Inc.,*
   425 F.3d 683 (9th Cir. 2005) ........................................................ 6

6

*Chavez v. JPMorgan Chase & Co.,*
   888 F.3d 413, 414–15 (9th Cir. 2018) ........................................ 11

7

8

*Dart Cherokee Basin Operating Co., LLC v. Owens ("Dart"),*
   135 S. Ct. 547 (2014) ............................................................. 8, 9

9

*Fritsch v. Swift Transportation Co. of Arizona, LLC,*
   899 F.3d 785 (9th Cir. 2018) ...................................................... 11

10

11

*Ibarra v. Manheim Investments, Inc.,*
   775 F.3d 1193 (9th Cir. 2015) ...................................................... 9

12

*Kaneter v. Warner-Lambert Co.,*
   265 F.3d 853 (9th Cir. 2001) ........................................................ 6

13

14

*Kroske v. U.S. Bank,*
   432 F.3d 976 (9th Cir. 2005) ........................................................ 9

15

*Lew v. Moss,*
   797 F.2d 747 (9th Cir. 1986) ........................................................ 6

16

17

*Lowdermilk v. U.S. Bank Nat'l Ass'n,*
   479 F.3d 994 (9th Cir. 2007) ...................................................... 11

18

*McKenna v. Wells Fargo Bank, N.A.,*
   693 F.3d 207 (1st Cir. 2012) ........................................................ 8

19

20

*Rea v. Michaels Stores Inc.,*
   742 F.3d 1234 (9th Cir. 2014) ...................................................... 9

21

*Rodriguez v. AT & T Mobility Serv. LLC,*
   728 F.3d 975 (9th Cir. 2013) ...................................................... 11

22

23

*Rouse v. Wachovia Mortgage, FSB,*
   747 F.3d 707 (9th Cir. 2014) ..................................................... 7, 8

24

*Theis Research, Inc. v. Brown & Bain,*
   400 F.3d 659 (9th Cir. 2005) ........................................................ 9

25

26

*Wachovia Bank v. Schmidt,*
   546 U.S. 303 (2006) ............................................................... 7, 8

27

28

449214

3

## STATUTES

28 U.S.C. Section 1332(d) .................................................................................. 5, 6

28 U.S.C. Section 1332(d)(2) .................................................................................. 11

28 U.S.C. Section 1332(d)(2)(A) .............................................................................. 6

28 U.S.C. Section 1332(d)(2)(6) .............................................................................. 9

28 U.S.C. Section 1332(d)(5)(B) .............................................................................. 8

28 U.S.C. Section 1348 .................................................................................... 7, 8

28 U.S.C. Section 1441 ................................................................................ 5, 6, 11

28 U.S.C. Section1441(a) ...................................................................................... 5

28 U.S.C. Section 1446 .................................................................................. 6, 11

28 U.S.C. Section 1446(b) ...................................................................................... 5

28 U.S.C. Section 1446(c)(2) .................................................................................. 2

28 U.S.C. Section 1446(c)(2)(A) .............................................................................. 9

California Code of Civil Procedure Section 340 ...................................................... 10

Labor Code Section 226 .................................................................................. 8, 10

Labor Code Section 226(a) .................................................................................... 10

Labor Code Section 226(a)(6) ................................................................................ 10

Labor Code Section 226(e) ............................................................................. 10, 11

Senate Report on CAFA, S. Rep. 109-14, at p. 42 (Feb. 28, 2005) .......................... 9

4

NOTICE OF REMOVAL

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2  THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS AND THEIR

3  ATTORNEYS OF RECORD:

4

5  PLEASE TAKE NOTICE THAT, based on the following allegations,

6  Defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank"), hereby removes the state

7  court action described below.

8

9  **I.   THE STATE COURT ACTION**

10  On August 30, 2019, Plaintiffs Ricardo Martin and Guadalupe Ramirez

11  ("Plaintiffs") filed a class action complaint against Wells Fargo Bank in the

12  Superior Court of the State of California in and for the County of Riverside,[1]

13  entitled *Ricardo Martin, et al. v. Wells Fargo Bank, N.A.*, as case number RIC

14  1904522.  A true and correct copy of the Class Action Complaint ("Complaint") is

15  attached hereto as Exhibit A.  A true and correct copy of the corresponding

16  Summons, filed on August 30, 2019, is attached hereto as Exhibit B.

17  Plaintiffs served Wells Fargo Bank with the Complaint and Summons by

18  personal service on September 16, 2019.  A true and correct copy of Corporation

19  Service Company's Notice of Service of Process, showing the date of service, is

20  attached hereto as Exhibit C.  This Notice of Removal is filed within 30 days from

21  the date upon which Wells Fargo Bank was served and is within the time for

22  removal provided by law.  *See* 28 U.S.C. § 1446(b).

23  This is a civil action of which this Court has original jurisdiction under 28

24  U.S.C. section 1332(d), and is one that may be removed to this Court by Wells

25  Fargo Bank pursuant to the provisions of 28 U.S.C. section 1441, in that it is a class

26  action in which Plaintiffs are citizens of a different state than Wells Fargo Bank, the

27

28  [1] Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action is pending.

5

1 │ putative class has more than 100 members, and the aggregate amount in controversy
2 │ exceeds the sum of $5,000,000, exclusive of interest and costs.

3 │ **II.     REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441, AND**
4 │ **1446**

5 │       **A.     Diversity of Citizenship**

6 │       Federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA")
7 │ is established by showing that the parties satisfy, among other requirements,
8 │ "minimal diversity," *i.e.,* that "any member of a class of plaintiffs is a citizen of a
9 │ State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v.*
10 │ *The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d) thus
11 │ abandons the complete diversity rule for covered class actions") (citing *Bush v.*
12 │ *Cheaptickets, Inc.*, 425 F.3d 683, 684) (9th Cir. 2005) (noting that 28 U.S.C. §
13 │ 1332(d) requires only "minimal diversity")). As discussed below, minimal
14 │ diversity is satisfied in this case because Plaintiffs are citizens of the State of
15 │ California and Wells Fargo Bank is a citizen of the State of South Dakota.

16 │             **1.     Plaintiffs are Citizens of California**

17 │       For diversity purposes, citizenship of an individual is determined by the
18 │ individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d
19 │ 747, 749-50 (9th Cir. 1986). "A person's domicile is her permanent home, where
20 │ she resides with the intention to remain or to which she intends to return." *Kaneter*
21 │ *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit
22 │ observed in *Lew*, determining an individual's domicile "involves a number of
23 │ factors," including ***current residence, place of employment,*** and other factors such
24 │ as voting registration and voting practices, location of personal and real property,
25 │ location of brokerage and bank accounts, location of spouse and family,
26 │ membership in unions and other organizations, driver's license and automobile
27 │ registration, and payment of taxes. *Lew*, 797 F.2d at 750 (emphases added).

28 │

449214

1        Plaintiff Martin alleges in the Complaint that his employment occurred in

2   Riverside County and that he is and remains "an individual and resident of

3   Riverside County, California." *See* Exhibit A, ¶¶ 1, 6. Plaintiff Ramirez alleges in

4   the Complaint that she is a "an individual and resident of San Bernardino County,

5   California." *See* Exhibit A, ¶ 2.

6        Given that Plaintiffs remain residents of California (even after the

7   termination of their employment with Wells Fargo Bank), Plaintiffs have

8   demonstrated an intent to remain in the State of California. Wells Fargo Bank is

9   informed and believes that Plaintiffs were, and still are, citizens of the State of

10   California. Accordingly, for diversity purposes, Plaintiffs are citizens of California.

11        **2.   Wells Fargo Bank is a Citizen of South Dakota**

12        Wells Fargo Bank is a national banking association. The citizenship of a

13   national banking association is governed by 28 U.S.C. section 1348, which states

14   that national banking associations are "deemed citizens of the States in which they

15   are respectively *located*." 28 U.S.C. § 1348 (emphasis added).

16        Wells Fargo Bank's main office, according to its articles of association, is in

17   Sioux Falls, South Dakota. Attached hereto as <u>Exhibit D</u> is a true and correct copy

18   of the Articles of Association for Wells Fargo Bank, as issued by the Office of the

19   Comptroller of the Currency, Administrator of National Banks, reflecting that Wells

20   Fargo Bank (at Article II, §1) has its main office in Sioux Falls, South Dakota.[2]

21        The Ninth Circuit has unequivocally held that Wells Fargo Bank is a citizen

22   *only* of South Dakota for diversity purposes. *Rouse v. Wachovia Mortgage, FSB*,[3]

23   747 F.3d 707, 709 (9th Cir. 2014) ("under 28 U.S.C. § 1348, a national bank is a

24   citizen *only of the state in which its main office is located*") (emphasis added). In

25   addition, the United States Supreme Court, after a thorough examination of the

26

27   [2] In the contemporaneously-filed Request for Judicial Notice, Wells Fargo Bank requests that the Court take judicial notice of Wells Fargo Bank's Articles of Association.

28   [3] Wachovia Mortgage is now a division of Wells Fargo Bank. *Rouse*, 747 F.3d at 709.

449214

1   historical versions of Section 1348 and the existing case law, held that "a national
2   bank, for § 1348 purposes, is a citizen of the state in which its main office, as set
3   forth in its articles of incorporation, is located." *Wachovia Bank v. Schmidt*, 546
4   U.S. 303, 307 (2006). Wells Fargo Bank's citizenship for diversity purposes,
5   therefore, is South Dakota – and *only* South Dakota. *Rouse*, 747 F.3d at 715
6   ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office
7   is located"); *see also McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st
8   Cir. 2012) (Wells Fargo is a citizen of South Dakota for diversity purposes).

9       Pursuant to this binding authority, Wells Fargo Bank is a citizen only of
10  South Dakota. As Plaintiffs are citizens of California, CAFA's minimal diversity
11  requirement is satisfied.

12      **B.     The Putative Class Action Exceeds 100 Members**

13      Federal jurisdiction under CAFA may be invoked where the number of
14  putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B); *see also Dart*
15  *Cherokee Basin Operating Co., LLC v. Owens* ("*Dart*"), 135 S. Ct. 547, 552 (2014).

16      Plaintiffs bring a putative class action alleging a claim for failure to provide
17  compliant wage statements pursuant to California Labor Code Section 226 on
18  behalf of the following class: "All non-exempt employees of Defendant who were
19  paid "OverTimePay-Override,, [sic] wages within the one [sic] prior to the initiation
20  of this action until the date that the class is certified (hereinafter "the Class Period,,
21  [sic])." Exhibit A, ¶ 8. Plaintiffs do not specify the number of putative class
22  members.

23      The number of putative class members (current and former non-exempt team
24  members who worked for Wells Fargo Bank, N.A. in California and were paid
25  "OverTimePay-Override" in the one year prior to the filing of Plaintiffs'
26  Complaint) exceeds 17,479 individuals, clearly meeting CAFA's 100-class-member
27  requirement.

28

449214

8

1

## C.   The Amount in Controversy Exceeds $5,000,000

2 For removal purposes under CAFA, the aggregate amount in controversy
3 must exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(6).
4 Where the plaintiff's complaint makes a good-faith demand for monetary relief in a
5 stated sum, that sum is deemed to be the amount in controversy.  28 U.S.C. §
6 1446(c)(2).  Where, as here, the complaint does not state the amount in controversy,
7 the defendant's notice of removal may do so.  *Dart*, 135 S. Ct. at 551 (citing 28
8 U.S.C. § 1446(c)(2)(A)).

9 As the U.S. Supreme Court held in *Dart*, the notice of removal need only
10 *plausibly allege* the amount in controversy; the defendant's "short and plain"
11 statement of the grounds for removal need *not* contain evidentiary submissions.
12 *Dart*, 135 S. Ct. at 554.  The Supreme Court also observed that "no antiremoval
13 presumption attends cases invoking CAFA, which Congress enacted to facilitate
14 adjudication of certain class actions filed in federal court."  *Id.*  Similarly, the Ninth
15 Circuit has noted that "Congress intended CAFA to be interpreted expansively."
16 *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing
17 Senate Report on CAFA, S. Rep. 109-14, at p. 42 (Feb. 28, 2005), which counsels
18 that if a federal court is "uncertain" about whether all matters in controversy exceed
19 $5,000,000, "*the court should err in favor of exercising jurisdiction over the case*")
20 (emphasis added)).

21 The "amount in controversy" is determined by the amount of damages that is
22 the subject of the action.  *Kroske v. U.S. Bank*, 432 F.3d 976, 980 (9th Cir. 2005).
23 In other words, it is "the amount involved in the underlying dispute."  *Theis*
24 *Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005); *see also Rea v.*
25 *Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) ("[T]he general rule is
26 that 'the amount in controversy is determined from the pleadings as they exist at the
27 time a petition for removal is filed.").

28

449214

1    Plaintiffs assert a cause of action for failure to provide compliant wage

2    statements under Labor Code Section 226.  Specifically, Plaintiffs allege that

3    "whenever 'OverTimePay-Override,, [sic] wages were paid," Wells Fargo "failed to

4    identify the applicable pay period start and end dates…in violation of Labor Code §

5    226(a)(6)."  Exhibit A, ¶¶ 15-19, 22.

6    Through this claim, Plaintiffs seek "pursuant to Labor Code Section 226(e),

7    … fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one

8    hundred dollars ($100) for each subsequent violation during the applicable

9    limitations period … plus their reasonable attorneys' fees and costs."  Exhibit A, ¶

10   24; *see also* Labor Code Section 226(e).  A one-year statute of limitations applies to

11   Plaintiffs' claim brought under Labor Code section 226(a).  *See, e.g.*, *Elliot v.*

12   *Spherion Pacific Work, LLC*, 368 Fed. Appx. 761, 764 (9th Cir. 2010) ("Because

13   [Plaintiff] is claiming penalties under section 226, [citations omitted], California's

14   one-year statute of limitations bars this claim.") (citing to Cal. Code Civ. Proc. §

15   340)).

16   As indicated above, there are at least[4] 17,479 individuals who have worked

17   for Wells Fargo Bank in a non-exempt position in California and have been paid

18   "OverTimePay-Override" since August 30, 2018.  These individuals have received

19   at least 67,152 paychecks that include "OverTimePay-Override" pay.  Assuming

20   17,479 "initial violations" at $50.00 and 49,673 "subsequent violations" at $100.00

21   (49,673 = 67,152 total "violations" minus 17,479 "initial violations") yields

22   $5,841,250.00 [17,479 x $50.00 + 49,673 x $100.00 = $5,841,250].[5]  Thus, this

23   cause of action puts in controversy more than the requisite $5 million for purposes

24   of CAFA jurisdiction.

25

26   [4] These figures include individuals and paychecks through August 31, 2019.  These
     figures have increased since August 31, 2019, and will continue to increase.

27   [5] Wells Fargo Bank's demonstration that the amount in controversy exceeds the
     $5,000,000 minimum is not an admission of liability or concession that Plaintiffs are

28   entitled to recover this (or any) amount.

449214                                              10

1    This amount in controversy does not even include attorneys' fees sought by
2    Plaintiffs in connection with the alleged Labor Code violation. *See* Exhibit A, ¶ 24;
3    Labor Code § 226(e) (providing for the recovery of "reasonable attorneys' fees").
4    "[T]he amount in controversy is determined by the complaint operative at the time
5    of removal and encompasses *all relief* a court may grant on that complaint if the
6    plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15
7    (9th Cir. 2018) (emphasis added). "The phrases 'all relief' and 'certain classes of
8    damages' encompass all of the plaintiff's future recovery, not lost wages alone.
9    Accordingly, Chavez's reasoning clearly applies to attorneys' fees." *Fritsch v. Swift*
10   *Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018); *see*
11   *also, e.g.*, *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)
12   ("[W]here the underlying statute authorizes an award of attorneys' fees, either with
13   mandatory or discretionary language, such fees may be included in the amount in
14   controversy."), *overruled on other grounds as recognized by Rodriguez v. AT & T*
15   *Mobility Serv. LLC*, 728 F.3d 975, 976-77 (9th Cir. 2013).

16   Given the foregoing, this Court has original jurisdiction over this action
17   pursuant to 28 U.S.C. section 1332(d)(2), and removal is proper under 28 U.S.C.
18   sections 1441 and 1446.

19   **III.    PROCESS, PLEADINGS AND ORDERS**

20   The following exhibits are attached to this Notice of Removal:

21   • Attached as <u>Exhibit A</u> is a true and correct copy of the Complaint filed
22   with the Superior Court of the State of California, County of Riverside
23   on August 30, 2019 and copies of the Civil Case Cover Sheet and
24   Certificate of Counsel also filed by Plaintiffs on August 30, 2019.
25   • Attached hereto as <u>Exhibit B</u> is a true and correct copy of the
26   Summons, filed with the Superior Court of the State of California,
27   County of Riverside on August 30, 2019.

28

449214

11

1        • Attached hereto as <u>Exhibit C</u> is a true and correct copy of Corporation

2         Service Company's Notice of Service of Process, showing that Wells

3         Fargo Bank was personally served on September 16, 2019.

4        • Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Articles

5         of Association for Wells Fargo Bank, National Association, as issued

6         by the Office of the Comptroller of the Currency, Administrator of

7         National Banks.

8        • Attached hereto as <u>Exhibit E</u> is a copy of the Notice of Assignment to

9         Department and Case Management Conference issued by the Court on

10       August 30, 2019.

11       • Attached hereto as <u>Exhibit F</u> is a true and correct copy of Wells Fargo

12        Bank's Answer to Plaintiffs' Complaint, filed on October 15, 2019.

13      Wells Fargo Bank is informed and believes that Exhibits A, B, E, and F

14 constitute all process, pleadings and orders filed and received by Wells Fargo Bank

15 in this action.

16      On this or the next business day, notice of this removal is being given to

17 Plaintiffs and to the Clerk of the Riverside County Superior Court. Copies of these

18 notices are attached hereto as <u>Exhibits G and H</u>, respectively.

19      The proof of service of the Notice to Adverse Party of Removal will be filed

20 with this Court immediately after the Superior Court filing is accomplished and the

21 document is served.

22

23 DATED: October 15, 2019    KADING BRIGGS LLP

24              By: _____

25                    THERESA A. KADING

26              Attorneys for Defendant

27              WELLS FARGO BANK, N.A.

28

449214

NOTICE OF REMOVAL

EXHIBIT "A"

EXHIBIT "A"

1   Jonathan M. Lebe (State Bar No. 284605)
    Jon@lebelaw.com
2   **Lebe Law, APLC**
    777 S. Alameda Street, Second Floor
3   Los Angeles, CA 90021
    Telephone: (213) 358-7046
4
5   Attorney for Plaintiffs Ricardo Martin and Guadalupe Ramirez,
    Individually and on behalf of all others similarly situated
6
7
8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                      **FOR THE COUNTY OF RIVERSIDE**
10
11  Ricardo Martin, individually and on behalf of      Case No.: RIC1904522
    all others similarly situated; and
12  Guadalupe Ramirez, individually and on behalf      **CLASS ACTION COMPLAINT FOR:**
    of all others similarly situated,
13                                                       1.  **Violation of Labor Code §226**
14          Plaintiffs,
15              vs.
16  Wells Fargo Bank, National Association; and
    Does 1 through 25,
17
            Defendants.
18
19
20
21
22
23
24
25
26
27
28
                                    1
                        **CLASS ACTION COMPLAINT**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 3 0 2019

M. Criel

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Ricardo Martin is an individual and resident of Riverside County, California. Plaintiff Martin was previously employed by Defendant Wells Fargo ("Defendant") as a Home Mortgage Consultant.

2. Plaintiff Guadalupe Ramirez is an individual and resident of San Bernardino County, California. Plaintiff Ramirez was employed by Defendant as a Collector. Plaintiff Martin and Plaintiff Ramirez shall collectively be referred to as "Plaintiffs."

3. Defendant Wells Fargo Bank, National Association ("Defendant") are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

4. Plaintiffs do not know the true names or capacities of the Defendants sued herein as Does 1 through 25, inclusive, and, for that reason, said Defendants are sued under such fictitious names. Plaintiffs are informed and believe, and based thereon, allege that each of said fictitious Defendants are and were responsible in some manner for the injuries complained of herein. Plaintiffs will amend this Complaint to identify such fictitiously-named Defendants pursuant to Code of Civil Procedure section 474 once their identities become known.

5. The relief sought by Plaintiffs on behalf of themselves and the Class defined below exceeds the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. The Court has personal jurisdiction over each of the parties because they are either citizens of this State, doing business in this State or otherwise have minimum contacts with this State.

6. Venue is proper in this County because Plaintiff Martin is a resident of San Riverside, California and her employed occurred in that county.

7. Plaintiffs are informed and believe and, based thereon, allege that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiffs

2

1    are informed and believe and, based thereon, allege that at all times relevant hereto Defendants

2    conspired together in, aided and abetted, contributed to, and/or acted as agents or employees

3    of each other with respect to, the commission of the acts complained of herein.  Defendants

4    are therefore jointly and severally liable for the injuries complained of herein.

5                                        **CLASS ALLEGATIONS**

6          8.      Plaintiffs bring this action pursuant to California Code of Civil Procedure

7    Section 382 on behalf of herself and the Class described below.  The Class is comprised of

8    and defined as:

9                        All   non-exempt   employees   of   Defendant   who   were   paid

10                       "OverTimePay-Override" wages within the one prior to the initiation

11                       of this action until the date that the class is certified (hereinafter "the

12                       Class period").

13         9.      There exists a well-defined community of interest among the Class, and the

14   Class is readily ascertainable.

15         10.     The members of the Class are so numerous that joinder of all members in a

16   single action would not be feasible or practical, and the amount of individual damages is not

17   large enough to make individual lawsuits by each class member practical or feasible.  Plaintiffs

18   are informed and believes and based upon such information and belief alleges that there are

19   in excess of 50 members of the Class.

20         11.     Plaintiffs' claims are typical of the claims of the rest of the Class, and Plaintiffs

21   will fairly and adequately represent the interests of the Class.

22         12.     Common issues of fact and/or law predominate in this action over any

23   allegedly individual issues.  Specifically, the following common questions of fact or law

24   predominate and make this action superior to individual actions:

25                       (i)      whether Plaintiffs and the rest of the Class are entitled to

26   recover damages, penalties and other relief on the grounds that Defendants have used uniform

27   policies and procedures that have consistently violated California labor laws and regulations

28   and caused Plaintiffs and the rest of the Class to suffer the same or similar injuries; and

1     (ii) whether Defendants failed to provide wage statements as

2 required by Labor Code section 226;

3   13. California labor laws under which Plaintiffs asserts the following causes of

4 action on behalf of himself and the rest of the Class are broadly remedial in nature.  These

5 labor laws serve an important public interest in establishing minimum working conditions and

6 standards in California.  They furthermore protect employees from exploitation by employers

7 who may seek to take advantage of their superior economic and bargaining power in setting

8 onerous terms and conditions of employment.  The class action mechanism is a particularly

9 efficient and appropriate procedure to redress the injuries alleged herein.  If each employee in

10 the Class was required to file an individual action, Defendants would be able to use their

11 superior financial and legal resources to gain an unfair advantage over each individual class

12 member.  Moreover, requiring each class member to pursue an individual action would also

13 discourage the assertion of meritorious causes of action by employees who would likely be

14 disinclined to file such individual actions due to a justifiable fear of retaliation and damage to

15 their careers at subsequent employment.

16   14. In addition, even if feasible, individual actions by each Class member would

17 create a substantial risk (i) of inconsistent or varying adjudications with respect to the claims

18 of each Class member against Defendants, that in turn could establish potentially incompatible

19 standards of conduct for Defendants, and/or (ii) of adjudications with respect to individual

20 Class members that would, as a practical matter, be dispositive of the interests of the other

21 Class members. Furthermore, the claims of each individual Class member are not sufficiently

22 large enough to make it economically feasible to bring each Class member's claims on an

23 individual basis.

24 ///

25 ///

26 ///

27 ///

28 ///

4

CLASS ACTION COMPLAINT

**GENERAL ALLEGATIONS**

15.    Plaintiffs are informed and believe and, based thereon, alleges that during the Class Period, Defendants failed to provide accurate wage statements to Plaintiffs and the rest of the Class whenever "OverTimePay-Override" wages were paid.

16.    Specifically, "OverTimePay-Override" wages are overtime wages and are calculated based on an applicable overtime hourly rate multiplied by the applicable overtime hours.

17.    Defendant claims that such "OverTimePay-Override" wages are paid for wages earned in prior pay periods, and thus, they do not need to identify the applicable rate and hours used to calculate such wages as required by Labor Code § 226(a)(9).

18.    In that regard, the corresponding wage statements failed to identify the applicable pay period start and end dates for such "OverTimePay-Override" wages, in violation of Labor Code § 226(a)(6).

19.    On information and belief, Plaintiffs alleges that Defendants applied the same policies described above to all other members of the proposed Class. As alleged below, these uniform policies, practices and procedures violated California's labor laws.

**FIRST CAUSE OF ACTION**

**FOR VIOLATIONS OF LABOR CODE SECTION 226**

**AGAINST ALL DEFENDANTS**

20.    Plaintiffs re-allege and incorporate herein by this reference each of the allegations set forth above.

21.    During the Class period, Labor Code Section 226(a) applied to Defendants' employment of Plaintiffs and the rest of the Class.  At all times relevant hereto, Labor Code Section 226(a) required that employers such as Defendants furnish to their employees, semi-monthly or at the time of each payment of wages, an accurate itemized statement in writing showing: "(6) the inclusive dates of the period for which the employee is paid…."

22.    Plaintiffs are informed and believe and, based thereon, allege that during the Class Period Defendants knowingly and intentionally failed to provide such accurate itemized wage

5

statements to Plaintiffs and the members of the Class whenever "OverTimePay-Override" wages were paid in violation of Labor Code § 226(a)(6).

23.   Plaintiffs and the rest of the Class suffered injury as a result of Defendants' failure to comply with Labor Code Section 226(a).

24.   Accordingly, pursuant to Labor Code Section 226(e), Plaintiffs and each member of the Class are entitled to recover from Defendants the greater of their actual damages or fifty dollars ($50) for the initial violation of Labor Code Section 226(a) and one hundred dollars ($100) for each subsequent violation during the applicable limitations period, up to a maximum of $4,000 per Class member or the then applicable legal rates at the time of adjudication, plus their reasonable attorneys' fees and costs.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment on behalf of themselves and the rest of the Class against all Defendants, as follows:

### ON THE FIRST CAUSE OF ACTION

1.   For penalties under Labor Code Section 226(e) for the failure to provide accurate wage statements in accordance with Labor Code §226(a); and

2.   For reasonable attorneys' fees and costs.

///
///
///
///
///
///
///
///
///
///
///
///

6

**ON ALL CAUSES OF ACTION**

1.      For certification of the action as a class action;

2.      For attorneys' fees and costs pursuant to Civil Procedure Section 1021.5, the "common fund" theory, the "substantial benefit" theory and/or any other applicable theory or doctrine; and,

3.      For such further relief as the Court may deem appropriate.

DATED: August 26, 2019                          **Lebe Law, APLC**


By:_____
        Jonathan M. Lebe

Attorney for Plaintiffs Ricardo Martin and
Guadalupe Ramirez, individually and on behalf
of all others similarly situated

CLASS ACTION COMPLAINT

Jonathan M. Lebe (State Bar No. 284605)
Lebe Law, APLC
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
TELEPHONE NO.: (213) 358-7046   FAX NO.:
ATTORNEY FOR (Name):

**ORIGINAL**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 3 0 2019

M. Criel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, Ca. 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: Ricardo Martin, et al. v. Wells Fargo Bank, National Association

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC 1904522 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 26, 2019

Jonathan M. Lebe
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   CIVIL CASE COVER SHEET   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

FAXED

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 311 E Ramsey St Banning CA 92220 | ☐ MURRIETA 30755-D Auld Rd  Suite 1226 Murrieta, CA 92563 |
| ☐ BLYTHE 265 N Broadway Blythe CA 92225 | ☐ PALM SPRINGS 3255 E Tanquitz Canyon Way Palm Springs, CA 92262 |
| ☐ HEMET 880 N State St., Hemet. CA 92543 | ☐ RIVERSIDE 4050 Main St  Riverside  CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St  Ste  D201 | ☐ TEMECULA 41002 County Center Dr . #100  Temecula, CA 92591 |
| Moreno Valley  CA 92553 | |

R1-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Jonathan M. Lebe (State Bar No. 284605)
Lebe Law, APLC
777 S. Alameda Street, Second Floor  Los Angeles, CA 90021
TELEPHONE NO: (213) 358-7046    FAX NO  (Optional):
E-MAIL ADDRESS (Optional):    jon@lebelaw.com
ATTORNEY FOR (Name):  Ricardo Martin and Guadalupe Ramirez

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 3 0 2019

M. Criel

| PLAINTIFF/PETITIONER | Ricardo Martin and Guadalupe Ramirez |
|---|---|
| DEFENDANT/RESPONDENT | Wells Fargo Bank, NA |

CASE NUMBER
RIC1904522

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below

☒  The action arose in the zip code of:      92555

☐  The action concerns real property located in the zip code of:

☐  The Defendant resides in the zip code of:

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1 0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    August 26, 2019

Jonathan M. Lebe
TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION

| | | |
|---|---|---|
| Approved for Mandatory Use | CERTIFICATE OF COUNSEL | Page 1 of 1 |
| Riverside Superior Court | | RI-030 |

EXHIBIT "B"

EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Wells Fargo Bank, National Association

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**F I L E D**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 3 0 2019

M. Criel

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Ricardo Martin, individually and on behalf of all others similarly situated; and
Guadalupe Ramirez, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | RIVERSIDE HISTORIC COURTHOUSE<br>4050 Main Street, Riverside, Ca. 92501 | CASE NUMBER<br>(Número del Caso):<br>RIC1904522 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

| DATE:<br>(Fecha) | 8/30/19 | Clerk, by<br>(Secretario) | M. Criel | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT "C"

EXHIBIT "C"



## CSC

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20397313**
**Date Processed: 09/17/2019**

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, National Association |
| **Title of Action:** | Ricardo Martin vs. Wells Fargo Bank, National Association |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | RIC1904522 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 09/16/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Wells Fargo Bank, National Association |
| **How Served:** | Personal Service |
| Sender Information: | Jonathan M. Lebe<br>213-358-7046 |
| **Client Requested Information:** | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R1603<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT "D"

EXHIBIT "D"



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

## CERTIFIED ARTICLES OF ASSOCIATION

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that the
document hereto attached is a true and correct copy, as recorded in the Office of
the Comptroller of the Currency, of the currently effective Articles of Association
for "Wells Fargo Bank, National Association," Sioux Falls, South Dakota (Charter
No. 1).



IN TESTIMONY WHEREOF, today, March

27, 2012, I have hereunto subscribed my

name and caused my seal of office to be

affixed to these presents at the U.S.

Department of the Treasury, in the City of

Washington, District of Columbia.

*John Walsh*

Acting Comptroller of the Currency

ARTICLES OF ASSOCIATION
OF
WELLS FARGO BANK, NATIONAL ASSOCIATION

### ARTICLE I - NAME

The title of this Association shall be Wells Fargo Bank, National Association. The Association may also use the abbreviation Wells Fargo Bank, N.A.

### ARTICLE II - OFFICES

1. Main Office. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota. The Board of Directors shall have the power to change the location of the main office to any other place within the limits of the City of Sioux Falls, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

2. Branch Offices. The Board of Directors shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

3. Conduct of Business. The general business of the Association shall be conducted at its main office and its branches.

### ARTICLE III - BOARD OF DIRECTORS

1. Number. The Board of Directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof.

2. Qualification. Each director, during the full term of his or her directorship, shall own a minimum of $1,000 par value of stock of this Association or an equivalent interest, as determined by the Comptroller of the Currency, in any company which has control over this Association within the meaning of Section 2 of the Bank Holding Company Act of 1956.

3. Vacancy. The Board of Directors, by the vote of a majority of the full Board, may, between annual meetings of shareholders, fill vacancies created by the death, incapacity or resignation of any director and by the vote of a majority of the full Board may also, between annual meetings of shareholders, increase the membership of the Board by not more than four members and by like vote appoint qualified persons to fill the vacancies created thereby; provided, however, that at no time shall there be more than twenty-five directors of this Association; and provided further, however, that not more than two members may be added to the Board of Directors in the event that the total number of directors last elected by shareholders was fifteen or less.

4. Appointment of Officers. The Board of Directors shall appoint one of its members President of this Association, who shall act as Chairman of the Board, unless the Board appoints another director to act as Chairman. In the event the Board of Directors shall appoint a President and a Chairman, the Board shall designate which person shall act as the chief executive officer of this Association. The Board of Directors shall have the power to appoint one or more Vice Presidents and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

5. Powers. The Board of Directors shall have the power to define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss them; to require bonds from them and to fix the penalty thereof; to regulate the manner in which the increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all Bylaws that it may be lawful for them to make; and generally to do and perform all acts that it may be legal for a Board of Directors to do and perform.

## ARTICLE IV – MEETINGS OF SHAREHOLDERS

1. Annual Meeting. The annual meeting of the shareholders for the election of directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office, or such other place as the Board of Directors may designate, on the day of each year specified therefor in the Bylaws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors.

2. Special Meetings. The Board of Directors, the Chairman, the President, or any one or more shareholders owning, in the aggregate, not less than 25 percent of the stock of this Association, may call a special meeting of shareholders at any time.

3. Notice of Meetings. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten days prior to the date of such meeting to each shareholder of record at his or her address as shown upon the books of this Association.

4 Written Consents. Any action required or permitted to be taken at an annual or special meeting of the shareholders of the Association may be taken without prior written notice and without any meeting if such action is taken by written action, containing a waiver of notice, signed by all of the shareholders entitled to vote on that action.

## ARTICLE V - CAPITAL

1. Capitalization. The amount of authorized capital stock of this Association shall be $1,122,000,000, divided into 112,200,000 shares of common stock of the par value of Ten Dollars ($10.00) each; but said capital stock may be increased or decreased from time to time, in accordance with the provisions of the laws of the United States.

- 2 -

2. <u>Voting Rights</u>. Each holder of common stock of the Association shall be entitled to vote on all matters, one vote for each share of common stock held by such holder. No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any shares of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

3. <u>Debt Obligations</u>. The Association, at any time and from time to time, may authorize and issue debt obligations, whether or nor subordinated, without the approval of the shareholders.

ARTICLE VI - PERPETUAL EXISTENCE

The corporate existence of this Association shall continue until terminated in accordance with the laws of the United States.

ARTICLE VII - INDEMNIFICATION

To the extent permitted by 12 CFR 7.2014 and consistent with the requirements of 12 USC 1828(k) and the implementing regulations thereunder:

(a) <u>Elimination of Certain Liability of Directors</u>. A director of the Association shall not be personally liable to the Association or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Association or its shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

(b)(1). <u>Right to Indemnification</u>. Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Association or is or was serving at the request of the Association as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action or inaction in an official capacity as a director, officer, employee, or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Association to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Association to provide broader indemnification rights than said law permitted the Association to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall

- 3 -

continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Association shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Association. The right to indemnification conferred in this paragraph (b) shall be a contract right and shall include the right to be paid by the Association the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director of officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Association of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director of officer is not entitled to be indemnified under this paragraph (b) or otherwise. The Association may, by action of its Board of Directors, provide indemnification to employees and agents of the Association with the same scope and effect as the foregoing indemnification of directors and officers.

(2) Non-Exclusivity of Rights. The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this paragraph (b) shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of Association, by-law, agreement, vote of shareholders or disinterested directors or otherwise.

(3) Insurance. The Association may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Association or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Association would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

## ARTICLE VIII - AMENDMENT

These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of holders of such greater amount.

EXHIBIT "E"

EXHIBIT "E"

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

### NOTICE OF ASSIGNMENT TO DEPARTMENT
### AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

MARTIN VS WELLS FARGO BA

### CASE NO. RIC1904522

This case is assigned to the Honorable Judge Sunshine S Sykes in Department 06 for all purposes.
Effective April 30, 2019 this case will be re-assigned to the honorable Sunshine Sykes in Department 06.

The Case Management Conference is scheduled for 10/29/19 at 8:30 in Department 06.

Department 5 are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

by: _____
MELINDA E CRIEL, Deputy Clerk

Date: 08/30/19

ccadcc
4/8/19

EXHIBIT "F"

EXHIBIT "F"

1    GLENN L. BRIGGS (SBN 174497)
     Email: gbriggs@kadingbriggs.com
2    THERESA A. KADING (SBN 211469)
     Email: tkading@kadingbriggs.com
3    KADING BRIGGS LLP
     100 Spectrum Center Drive, Suite 800
4    Irvine, California 92618
     Telephone: (949) 450-8040
5    Facsimile: (949) 450-8033

6    Attorneys for Defendant
7    WELLS FARGO BANK, N.A.

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 15 2019

A. Hernandez

8

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF RIVERSIDE

| | |
|---|---|
| Ricardo Martin, individually and on behalf of all others similarly situated; and Guadalupe Ramirez, individually and on behalf of all others similarly situated, | CASE NO. RIC1904522 |
| | Assigned for all purposes to Judge Sunshine S. Sykes, Department 6 |
| Plaintiffs, | **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' CLASS ACTION COMPLAINT** |
| vs. | |
| Wells Fargo Bank, National Association; and Does 1 through 25, | Complaint filed:     August 30, 2019 |
| Defendants. | |

449416

GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| Ricardo Martin, individually and on behalf of all others similarly situated; and Guadalupe Ramirez, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Wells Fargo Bank, National Association; and Does 1 through 25, <br><br> Defendants. | CASE NO. RIC1904522 <br><br> Assigned for all purposes to Judge Sunshine S. Sykes, Department 6 <br><br> **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFFS' CLASS ACTION COMPLAINT** <br><br> Complaint filed:     August 30, 2019 |

449416

1    Defendant Wells Fargo Bank, N.A. (hereinafter, "Defendant"), for itself and no

2    other defendant, answers the unverified Class Action Complaint ("Complaint") of

3    Plaintiffs Ricardo Martin and Guadalupe Ramirez (hereinafter, "Plaintiffs") as follows:

4

5                                  **ANSWER**

6    The Complaint being unverified and pursuant to California Code of Civil

7    Procedure Section 431.30(d), Defendant denies generally and specifically each and every

8    allegation in the Complaint.  Defendant further denies, generally and specifically, that

9    Plaintiffs are entitled to the relief requested, or that Plaintiffs have been or will be

10    damaged in any sum, or at all, by reason of any act or omission on the part of Defendant,

11    or any of its past or present agents, representatives, or employees, acting in the course and

12    scope of their employment.

13

14                        **FIRST AFFIRMATIVE DEFENSE**

15    1.    The Complaint, and each and every purported cause of action contained

16    therein, fails to state facts sufficient to constitute a cause of action.

17

18                       **SECOND AFFIRMATIVE DEFENSE**

19    2.    The Complaint, and each and every purported cause of action contained

20    therein, is barred in whole or in part by the applicable statute of limitations, including but

21    not limited to California Code of Civil Procedure Sections 337, 338, 339, 340, and 343.

22

23

24

25

26

27

28

449416

1

## THIRD AFFIRMATIVE DEFENSE

2    3.    The Complaint, and each and every purported cause of action contained

3  therein, is not proper for treatment as a class action because, among other reasons:  (a)

4  Plaintiffs are inadequate representatives of the purported class; (b) Plaintiffs cannot

5  establish commonality of claims; (c) Plaintiffs cannot establish typicality of claims; and

6  (d) the individualized nature of Plaintiffs' claims makes class treatment inappropriate.

7

8

## FOURTH AFFIRMATIVE DEFENSE

9    4.    The Complaint, and each and every purported cause of action contained

10  therein, is barred in whole or in part by the doctrine of unclean hands.

11

12

## FIFTH AFFIRMATIVE DEFENSE

13    5.    The Complaint, and each and every purported cause of action contained

14  therein, is barred in whole or in part by the doctrine of waiver.

15

16

## SIXTH AFFIRMATIVE DEFENSE

17    6.    The Complaint, and each and every purported cause of action contained

18  therein, is barred in whole or in part by the doctrine of estoppel.

19

20

## SEVENTH AFFIRMATIVE DEFENSE

21    7.    The Complaint, and each and every purported cause of action contained

22  therein, is barred to the extent Plaintiffs and those similarly situated, if any, consented to

23  any alleged activity or conduct.

24

25

## EIGHTH AFFIRMATIVE DEFENSE

26    8.    To the extent Plaintiffs and/or those similarly situated, if any, have entered

27  into a release encompassing causes of action alleged in the Complaint, their claims are

28  barred by that release.

449416

2

## NINTH AFFIRMATIVE DEFENSE

9.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

## TENTH AFFIRMATIVE DEFENSE

10.     The Court has no jurisdiction over the subject matter of the Complaint, or parts thereof, because Plaintiffs have failed to exhaust their administrative remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claim for penalties for purportedly providing them with non-compliant wage statements is barred insofar as Defendant's conduct, as alleged in the Complaint, was neither knowing nor intentional.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' Complaint is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Certain members of the putative class are barred, in whole or in part, from becoming a member of any purported class because of their agreement with Defendant to

3

1    resolve through individual arbitration all disputes arising out of their employment with

2    Defendant.

3

4                        **FOURTEENTH AFFIRMATIVE DEFENSE**

5          14.    Defendant reserves the right to assert additional affirmative defenses as

6    discovery proceeds and it becomes aware of additional facts and circumstances that

7    provide the basis for additional affirmative defenses.

8

9          WHEREFORE, Defendant prays for judgment as follows:

10

11         1.    That Plaintiffs take nothing by reason of their Complaint;

12

13         2.    That the Complaint herein be dismissed in its entirety with prejudice, and

14   that judgment be entered for Defendant and against Plaintiffs;

15

16         3.    That Defendant be awarded its reasonable costs and attorneys' fees; and

17

18         4.    For such other and further relief as the Court deems just and proper.

19

20   DATED: October 15, 2019            KADING BRIGGS LLP
                                        GLENN L. BRIGGS
21                                      THERESA A. KADING

22

23                                      By: _____
                                             THERESA A. KADING
24                                      Attorneys for Defendant
                                        WELLS FARGO BANK, N.A.
25

26

27

28

449416                                        4

EXHIBIT "G"

# EXHIBIT "G"

1 | GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
2 | THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
3 | KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
4 | Irvine, California 92618
Telephone: (949) 450-8040
5 | Facsimile: (949) 450-8033

6 | Attorneys for Defendant
WELLS FARGO BANK, N.A.

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF RIVERSIDE

10

11 | Ricardo Martin, individually and on
behalf of all others similarly situated;
12 | and Guadalupe Ramirez, individually
and on behalf of all others similarly
13 | situated,

14 | Plaintiffs,

15 | vs.

16 | Wells Fargo Bank, National
Association; and Does 1 through 25,

17

18 | Defendants.

CASE NO. RIC1904522

Assigned for all purposes to
Judge Sunshine S. Sykes, Department 6

**NOTICE TO ADVERSE PARTY OF
REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT COURT
PURSUANT TO 28 U.S.C. §§ 1332(d),
1441, AND 1446**

19

20

21

22

23

24

25

26

27

28

449422

1

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

1  TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

2

3      PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4  the United States District Court for the Central District of California on October 15, 2019.

5  A copy of said Notice of Removal and supporting exhibits are attached to this Notice and

6  are served and filed herewith.

7

8

9  DATED: October 14, 2019          KADING BRIGGS LLP
                                     GLENN L. BRIGGS
10                                   THERESA A. KADING

11

12                                   By: _____
                                         THERESA A. KADING
13                                       Attorneys for Defendant
14                                       WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

449422

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT "H"

EXHIBIT "H"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF RIVERSIDE

10

11  Ricardo Martin, individually and on        CASE NO. RIC1904522
    behalf of all others similarly situated;
12  and Guadalupe Ramirez, individually        Assigned for all purposes to
    and on behalf of all others similarly      Judge Sunshine S. Sykes, Department 6
13  situated,
                                               **NOTICE TO STATE COURT OF**
14              Plaintiffs,                     **REMOVAL OF CIVIL ACTION TO**
                                               **UNITED STATES DISTRICT COURT**
15       vs.                                    **PURSUANT TO 28 U.S.C. §§ 1332(d),**
                                               **1441, AND 1446**
16  Wells Fargo Bank, National
    Association; and Does 1 through 25,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

449421

NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT

1    TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE:

2

3         Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

4    Party of Removal of this action to the United States District Court for the Central District

5    of California.  The original Notice of Removal of Civil Action to the United States

6    District Court was filed with the United States District Court for the Central District of

7    California with the attached exhibits on October 15, 2019.

8         The filing of said Notice of Removal effects the removal of the above-entitled

9    action from this Court.

10

11   DATED: October 14, 2019              KADING BRIGGS LLP
                                          GLENN L. BRIGGS
12                                        THERESA A. KADING

13

14                                        By: _____

15                                             THERESA A. KADING
                                          Attorneys for Defendant
16                                        WELLS FARGO BANK, N.A.

17

18

19

20

21

22

23

24

25

26

27

28

449421

2